Geo. A. Downing, of Atlanta, Ga., Douglas B. Maggs, Sol., U. S. Dept. of Labor, Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, and Morton Liftin, Atty., U. S. Dept. of Labor, all of Washington, D. C., for appellant.

E. D. Smith, Jr., of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

## WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. EMERY WHOLESALE CO.

### No. 10719.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1943.

PER CURIAM.

The suit was brought to enjoin the defendant from violating Sec. 15(a) (2) and (5) of the Fair Labor Standards Act of 1938.[1] The defendant admitted that from January 1, 1940, until the week ending August 17, 1940, it, under the belief that it was not subject to the act, had not paid its employees minimum and overtime compensation, and had not kept records as required by that act and the regulations issued thereunder. It alleged, though, that after August 17, 1940, when it became advised that it was subject to the act, it had faithfully undertaken to comply with the law, and it did pay minimum and overtime wages as the law required.

There followed: a full hearing before the court; and opinion [2] that the facts established did not warrant the issuance of an injunction; an affidavit [3] filed pursuant

[1] 29 U.S.C.A. § 201 et seq.
[2] 49 Fed.Supp. 192.
[3] Georgia, Fulton County.

Personally appeared before me, the undersigned attesting officer, E. L. Emery, who first being duly sworn on oath deposes and says: That he was President of Emery Wholesale Corporation, which corporation was the defendant in Civil Action No. 2409 in the United States District Court for the Northern District of Georgia, Atlanta Division. Deponent states that he makes this affidavit for the purpose of being used and filed in the above numbered proceedings in accordance with the decision of the Honorable Robert L. Russell, Judge United States District Court, in said proceeding, and particularly in compliance with Paragraph 5 of the conclusions of law of said opinion.

Deponent states that Emery Wholesale Corporation is not now engaged in business, and is now a completely dormant corporation, although it still remains in existence. Deponent states further that the employees, Matt Coward, Wilbert B. Owens and Mrs. Corrine Cole, are no longer employed by Emery Wholesale Cor-

to Par. 5 of the court's conclusion of law showing that the defendant had before March 6, 1943, gone out of business, was on that date a completely dormant corporation without agents, servants, or employees of any kind; a motion to strike, and an order striking, the third paragraph of the affidavit; and a judgment denying the injunction and ordering the complaint dismissed.

Notwithstanding the undisputed fact of record that the defendant is no longer in business and has no employees, and that whether the injunction was correctly refused is of no practical importance, plaintiff, for the purpose of obtaining an advisory opinion upon the academic correctness of the plans[4] under which defendant had operated while it was in business, prosecutes this appeal, stating the question for decision to be, whether defendant paid overtime compensation to its employees at not less than one and one-half times the regular rate at which each was employed. Defendant, having neither practical nor academic interest in the further proceedings, has appeared neither in person nor by brief.

Under these circumstances, it is sufficient for us, without entering upon the inquiry which appellant's brief invites, to say that the question presented is not, as appellant states it, whether appellee has paid overtime compensation as required by the act, but whether the refusal of the injunction was an abuse of the wise and sound discretion vested in the district judge which should be corrected by us. A careful examination of the findings of fact and conclusions of law, in the light of the whole record, makes it abundantly clear that there was no such abuse and that the judgment should be affirmed.

Affirmed.

poration, and that no persons have been employed by said corporation to do the work formerly done by those employees, and deponent states further that Emery Wholesale Corporation does not now have any agents, servants or employees.

Deponent states further that a corporation by the name of Emery Stores Company of Georgia has been formed, and that this corporation has taken over the retail business and assets of Emery Wholesale Corporation, and that the said Emery Stores Company of Georgia is doing a retail business only, and that said business is carried on only within the State of Georgia. Deponent states further that said Emery Stores Company of Georgia does not have any central warehouse from which its goods are distributed, but that each store has its own stock room wherein said store carries its surplus stock. Deponent states further that one of the stores of Emery Stores Company of Georgia has a larger stock room than other stores, and that this one store to some extent carries surplus stock to be used in supplying the other stores of Emery Stores Company of Georgia.

Further deponent saith not.

E. L. Emery.

Sworn to and subscribed before me,

this 6th day of March, 1943.

Marion M. McKay,

Notary Public.

(Title Omitted.)

[4] One of these was instituted in August, 1940, and abandoned in May, 1941; the other followed and was in operation until the company ceased business.