## WALLING v. FLORIDA HARDWARE CO.
### No. 10831.

Circuit Court of Appeals, Fifth Circuit.

May 12, 1944.

Hugh McCloskey, Supervising Attorney, U. S. Department of Labor, and Bessie Margolin, Asst. Solicitor, U. S. Department of Labor, both of Washington, D. C., and Geo. A. Downing, Regional Atty., Wage and Hour Division, U. S. Department of Labor, of Atlanta, Ga., for appellant.

Damon G. Yerkes, of Jacksonville, Fla., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The appellee, in apparent good faith, contended that its employees were not under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 and following. The court found otherwise as to certain salaried employees, who received weekly salaries well above the statutory minimum, but who worked overtime. Their oral contracts did not fix an hourly wage at all, and the court held they did not come under the principles declared in Walling v. A. H. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716. Proper records also had not been kept. Since the employees were satisfied, and the appellant alone was objecting to the situation, the Court, holding that the violations of the Act had been inadvertent rather than intentional, postponed the issuance of the injunction sought for thirty days, that the employer and the employees might, if they could, make satisfactory and lawful contracts in writing, and that the employer's records might be brought into conformity with the Act. This was shown to have been done, and the court, expressly in conformity with the previous opinion, denied an injunction and dismissed the complaint. The Administrator contends that he should have had an injunction, having established some of his original contentions. But relief by injunction is discretionary, and may be denied when the court does not deem there is danger of a repetition of unlawful conduct. Hecht Co. v. Bowles, Adm'r, 64 S.Ct. 587; Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395. Since new contracts are in effect and proper records now made, pursuant to the court's findings, there does not seem to be any likelihood of the employer's backsliding. The Administrator has the benefit of the findings and conclusions of the court, and he obtained a judgment for costs. The refusal of the injunction was not a reversible abuse of discretion.

Affirmed.