**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. GONZALEZ et al.**

Civ. 4342.

District Court, Puerto Rico.

Aug. 29, 1946.

George W. Kretzinger, Jr., of San Juan, P. R., for plaintiff.

Luis E. Dubon, of San Juan, P. R., for defendants.

COOPER, District Judge.

Two main questions were raised by the pleadings and the evidence:

1. Whether or not the employer is the mercantile co-partnership Gonzalez Hermanos, or the individual partners thereof, against whom this action has been brought, and

2. Whether or not the Court, in the exercise of its sound discretion should grant the injunction prayed for, where the alleged violations have long since been dis-

continued and there is no danger of repetition of any unlawful conduct.

## I.

The establishment in question is owned by the firm Gonzalez Hermanos, a partnership which was organized by the individual defendants in 1943, but the deed executed by them containing the Articles of co-partnership has not been recorded in the Mercantile Registry. However, the failure to register the said deed does not, in Puerto Rico, make the partnership nonexistent. The defendants are all managing-partners of the said firm, and therefore if any or all of them acted in the employment of workers, in the interest of the firm, they would fall within the terms of the definition of "employer" contained in the Act, 29 U.S.C.A. § 203(d), and upon proper proof, an injunction may issue against them. The evidence in this case shows that the workers involved in this action were employed by the defendant Jose Gonzalez Fernandez (now deceased) or by Brigido Arroyo, an employee of the firm, who was in charge of them. While other two defendants did not hire these workers they permitted them to work for the partnership, and are therefore "employers" of plaintiffs under the Act.

## II.

The record shows that in the latter part of January 1945, an inspection was made of the records and activities of the said establishment, and the defendants were informed of certain violations of the Act in connection with the payment of the minimum wage and overtime compensation to the workers engaged in the hauling and storing of goods brought from the docks in San Juan to the warehouse, and in connection with the record-keeping provisions. I am satisfied from the evidence submitted that immediately after the commencement of the said inspection and before this action was filed, the violations were voluntarily discontinued, and that ever since such inspection, the Act is being complied with, there exists a bona-fide intention not to resume any wrongful acts, and there is no reasonable likelihood of violations in the future.

An injunction may not be employed by the Administrator to punish an employer for past violations or to simply establish that violations have occurred. The function of an injunction is to stop existing violations or to prevent further infractions if there is reason to believe they may occur. In Walling v. Gulf States Paper Corp., D.C., 53 F.Supp. 619, affirmed in 5 Cir., 143 F.2d 301, the Court laid down the following principles for determining whether an injunction should be issued: (1) The equities of the case must be in favor of the party seeking injunctive relief; (2) the purpose of the injunction is not to punish a guilty party for past violations but to prevent his future noncompliance; (3) issuance of the injunction should depend upon whether there is a reasonable likelihood of violations of the Act in the future; (4) whether more good or harm will result from the issuance of an injunction should be considered; and (5) the issuance of the injunction rests in the discretion of the Court.

Applying these same principles, injunctions have been denied in the following cases, among others: Walling v. T. Buettner & Co., 7 Cir., 133 F.2d 306 certiorari denied in 319 U.S. 771, 63 S.Ct. 1437, 87 L.Ed. 1719; Walling v. Flordia Hardware Co., 5 Cir., 142 F.2d 444; Walling v. Emery Wholesale Corp., 5 Cir., 138 F.2d 548; and Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395.

I conclude that the Administrator has failed to show that the injunction prayed should issue. An Order will be entered dismissing the complaint.

This is an action brought by the Administrator of the Wage and Hour Division to enjoin the defendants from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215(a) (2, 5), in connection with the operation of a grocery store and warehouse located at Cruz Street, corner of Luna in the city of San Jaun, P. R.

This case was heard before me on January 9 and 10, 1946, and was continued to March 26, 1946, when it was finally sub-

**520**

mitted on briefs that were later filed by both parties.

## Findings of Fact

I. The defendants Jose Gonzalez Fernandez, Julio Gonzalez Fernandez and David Gonzalez Fernandez by Deed No. 16, executed February 19, 1943, before Notary Luis E. Dubon, constituted a mercantile co-partnership, under the name and style of "Gonzalez Hermanos," under and by virtue of the provisions of the Code of Commerce in Puerto Rico, but the said deed was never recorded in the Mercantile Registry.

II. Under the terms of the said Deed of Co-Partnership, the aforementioned defendants Jose, Julio and David Gonzalez Fernandez are the managing-partners of the said co-partnership.

III. The said co-partnership Gonzalez Hermanos owns a mercantile establishment located at Cruz Street, corner of Luna in the city of San Juan, P. R., engaged in the sale both at retail and at wholesale of groceries, provisions and other merchandise.

IV. The said co-partnership Gonzalez Hermanos employed certain employees who were engaged in the loading, hauling, unloading and storing of goods from the docks and piers in San Juan, Puerto Rico, to its said establishment, the said goods having been brought into Puerto Rico from points outside the island.

V. The said employees thus engaged as aforesaid were employed either by the defendant Jose Gonzalez Fernandez—now deceased—in his capacity as one of the Managing-partners of the said co-partnership, or by Brigido Arroyo, another employee of the said co-partnership, who was in charge of its warehouse.

VI. Between January 22 to February 9, 1945, an inspection was made of the records and activities of the said establishment by inspectors of the Wage and Hour Division, of the United States Department of Labor and the defendants were informed of certain alleged violations of the Fair Labor Standards Act of 1938 in connection with the payment of the minimum wage and overtime compensation of the said employees and the record keeping provisions under the Act.

VII. That immediately after the commencement of the said inspection and before this action was filed on May 31, 1945 the alleged violations were voluntarily discontinued, and ever since such inspection, the Act is being complied with. There exists a bona-fide intention not to resume any wrongful acts, and there is no reasonable likelihood of violations in the future.

## Conclusions of Law

I. The failure to record in the Mercantile Registry a deed constituting a mercantile co-partnership under the provisions of the Code of Commerce of Puerto Rico does not, in Puerto Rico, make the partnership non-existent. The partnership is created by the execution of Articles of co-partnership, not by registration. The registration gives notice to third parties who must deal with the partnership with knowledge as to the terms of the contract creating the partnership.

II. Under the Act, the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A. § 203(d).

III. The function of an injunction is to stop existing violations or to prevent further infractions if there is reasonable likelihood that they may occur in the future.

IV. In view of the foregoing findings of fact, I conclude that the plaintiff is not entitled to the relief prayed or any other relief.