**David GREENHOUSE et al.**

**v.**

**Most Reverend Charles Pascal GRECO et al.**

**Civ. A. No. 17741.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

Dec. 20, 1973.

Benjamin P. Lamberton, Washington, D. C., J. Harold Flannery and Jeffery W. Kobrick, Cambridge, Mass., George M. Strickler, Jr., New Orleans, La., for plaintiffs.

Camille F. Gravel, Jr., Gravel, Roy & Burnes, Alexandria, La., Marc Dupuy, Jr., Marksville, La., Donald E. Walter and Robert Shemwell, Dept. of Justice, Shreveport, La., Thomas Boerschinger, Dept. of Justice, Tax Div., Washington, D. C., Myra Kovey, Dept. of HEW, Washington, D. C., for defendants.

NAUMAN S. SCOTT, District Judge.

### SUPPLEMENTAL RULING

The Court, on August 2, 1973, ruled on defendants' Motion to Dismiss plaintiffs' suit as a class action. In doing so, we ruled that the Congregation of St. Joseph's was a proper defendant though not a proper class defendant in the suit. We also dismissed the School Board of the Parish of St. Joseph's, since it was not a legal entity capable of standing in judgment, and ordered that the Congregation of the Holy Ghost and the Order of Nuns who own the property on which the Presentation School is situated be made parties defendant. Thus the court disposed of the issues of defendants' motion only insofar as the motion tested the capacity of the Congregation of St. Joseph's to represent other Catholic schools in the Diocese of Alexandria as a class defendant. The effect of this ruling was to narrow the integration issue to the two schools located in Marksville and to let the plaintiffs go forward with this issue. Since the 39 Marksville plaintiffs are obviously proper class plaintiffs to bring that issue to trial, the court found no reason to test the class capacity of the 4 Natchitoches plaintiffs.

However, plaintiffs intend to appeal the court's ruling of August 2, 1973 and have requested that this ruling be amended so as to include "an order 'striking from the complaint herein those allegations by which plaintiffs purport to sue as representative parties' on behalf of black parochial school children in the Alexandria Diocese" (Letter from Benjamin P. Lamberton dated August 10, 1973 and filed in the record August 12, 1973).

The question presented here is whether the present class plaintiffs can seek diocesan-wide relief. Stated in a different context the court is being asked to define the class and to dismiss those plaintiffs whose interest are not properly identifiable with that class. For all practical purposes this effect has been accomplished by the ruling of August 2, 1971, narrowing the integration issue to the two schools in Marksville. Thus the class has been limited, Volume 7 Wright & Miller, Federal Practice & Procedure, Sec. 1760, at pps. 582, 583, Shivelhood v. Davis (D.C.Vt.1970), 336 F.Supp. 1111, to the integration issue in the two schools in Marksville. Plaintiffs seeking integration of other schools in the Diocese must be dismissed if there is no named defendant having the legal responsibility, capacity and authority over those schools to carry out any integration decrees which may be issued by this court. The only defendants alleged to have such capacity are listed in paragraph 5 of the complaint:

"(a) The Society of the Roman Catholic Church of the Diocese of Alexandria, Louisiana (hereinafter "the Diocese"). The Diocese is a civil corporation under Louisiana law. It holds title to the real estate, buildings, appurtenances, and equipment of the Diocese of Alexandria, and has ultimate authority and control over the operation of the Parochial school system within the Diocese's boundaries (hereinafter "Parochial School System");

(b) Most Reverend Charles Pascal Greco, the Bishop of the Diocese of Alexandria and the President of the Society of the Roman Catholic Church of the Diocese of Alexandria;

(c) The Very Reverend John Wakeman, Superintendent of the Alexandria Parochial School System. He is charged with supervising said schools under the general direction of Defendant Greco;

(f) The Congregation of St. Joseph's, a civil corporation. The Congregation holds title to the real estate, buildings, appurtenances and equipment of Presentation School. Defendant Greco is the president thereof. The Congregation of St. Joseph's is sued as a representative party on behalf of all other parish corporations in the Diocese of Alexandria which at this time, or within the last two years, have held title to an operating parochial school within the Parochial School System. The parish corporations are so numerous in the Alexandria Diocese that joinder of all members of the class is impracticable. There are questions of law and fact common to all members of the class. The defenses of the representative party are typical of the defenses of the class, and the representative parish corporation will fairly and adequately protect the interests of the class."

We have already held (ruling of August 2, 1973) that the Congregation of St. Joseph's is not a proper class defendant and cannot legally respond on behalf of any one other than itself. The record is absolutely bare of any evidence that the Diocese or Defendant Wakeman owns or controls any school properties or equipment or has any independent authority to operate any parochial schools. Defendant Wakeman, as Diocesan Superintendent of Schools, has a staff of three, a Secretary, a Supervisor and a School Lunch coordinator. He has no actual or apparent independent authority over the school or the day-by-day operation of the schools and acts only as the Bishop's liaison with the schools. Neither of these defendants has the power to respond to plaintiffs' demands and each should be dismissed as a party defendant.

The capacity in which Bishop Greco is made a defendant is uncertain. It is clear that he was not sued as a "School

Board" or as the legal entity who controlled or directed a school system. The basis of plaintiffs' claims is stated specifically and in detail in Paragraph 8 of the complaint as follows:

"The continued operation of a dual school system on the basis of race, as alleged in paragraphs 6–7 is the direct result of policies, acts and practices of the defendants named in paragraphs 5(a) through 5(c), paragraphs 5(f) and 5(g) and their predecessors (hereinafter referred to as the Parochial System Defendants), including, but not limited to the following: * * * "

Thus the defendants have limited their claims to the Diocese, Defendant Wakeman, the Congregation of St. Joseph's and the St. Joseph's School Board. No claim is made against Bishop Greco. The concept of Bishop Greco being a "school board" or the legal entity which operated a school system was developed by plaintiffs when the evidence failed to establish that there was in fact no parochial school system of the Diocese of Alexandria. We received evidence in support of this contention over the vigorous and repeated objections of the defendants that it was outside the pleadings. The basis of this contention is found in the testimony of Reverend William Wood Bassett, an eminent expert in canon law. This witness testified in great detail regarding the ecclesiastical or canonical authority of a bishop and documented his remarks by reference to written canonical authorities in his possession. A Bishop's authority in moral matters, including race relations, is absolute and equally absolute is the Bishop's discretion in the use of his authority. But this testimony is irrelevant to the question now at issue, i.e. is the Bishop a legal entity who can be compelled by authority of a United States District Court to exercise discretionary powers available to him under canon law. This court has no ecclesiastical authority. We cannot compel action by Bishop Greco in ecclesiastical affairs. Nor is this court bound by canon law.

Certainly civil marriage and divorces would never have been legally recognized nor would the recent Supreme Court decisions on pornography and abortion had been handed down if canon law were binding on the courts of the United States.

We do not intend to develop in detail the subject of mandatory injunctions, but it is well established that the requirements for issuing a mandatory injunction are much stricter than the very strict grounds required for the issue of a prohibitory injunction, Volume II, Wright and Miller, Federal Practice & Procedure, Sec. 2942, at p. 733. The very fact that affirmative action is ordered requires that only a named legal person, with legal power and authority to act, be the subject of such an order. Since each of the individual church corporations has legal title to the properties and equipment and the sole authority and financial responsibility for the day-to-day operation of each school, only the individual church corporation can respond to the judicial mandate sought in this proceeding (See our ruling of August 2, 1973). It is quite obvious that Defendant Greco, as Bishop, does not have the legal means, control, authority or responsibility to operate or integrate each of the parochial schools in the Diocese of Alexandria and that he should therefore be dismissed as a party defendant in this proceeding.

The class is limited to those persons who have an interest in and a claim against the two schools located in Marksville. Only the 39 plaintiffs who are residents of Marksville have such an interest. The Natchitoches plaintiffs should be dismissed.

It is therefore ordered that:

(1) The Society of the Roman Catholic Church of the Diocese of Alexandria; The Most Reverend Charles Pascal Greco, Bishop of the Diocese of Alexandria and President of the Society of the Roman Catholic Church of the Diocese of Alexandria; The Very Reverend John Wakeman, Superintendent of the Alex-

**740**

andria Parochial School System, be and they are hereby dismissed as parties defendant in this proceeding, and that

(2) Frankie Ray Jackson, Jr., Conrad Jackson, Mora Listach, III, and Charlot Listach, residents of Natchitoches Parish, Louisiana, be and they are hereby dismissed as parties plaintiff, and that

(3) The remaining plaintiffs be and they are hereby authorized to represent a class limited to black students who attend and will attend the Presentation School and the Holy Ghost in Marksville, Louisiana.

This memorandum shall constitute the findings, the conclusions and the order of this Court.