**Patricia Ann CLARK, Johnnie Mae Reddish, on behalf of themselves and all other persons similarly situated, Plaintiffs–Appellants,**

v.

**The HOUSING AUTHORITY OF the CITY OF ALMA, et al., Defendants–Appellees.**

No. 91–8919.

United States Court of Appeals, Eleventh Circuit.

Sept. 10, 1992.

Douglas W. Alexander, P.C., Brunswick, Ga., Lisa J. Krisher, Kay Y. Young, Atlanta, Ga., for plaintiffs-appellants.

William J. Edgar, Solomon & Edgar, P.C., Alma, Ga., for defendants-appellees.

Before DUBINA, Circuit Judge, HILL, and CLARK*, Senior Circuit Judges.

DUBINA, Circuit Judge:

The appellants, Patricia Ann Clark and Johnnie Mae Reddish represent a class of low-income tenants ("the tenants"), living in a federally assisted housing project. The tenants appeal the district court's order denying their motion for attorney's fees.

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

## I. STATEMENT OF THE CASE

### A. *Background Facts*

This case began in the 1970's when tenants of the Alma Housing Authority ("the Housing Authority") filed suit in federal court against the executive directors of the Housing Authority and its board members for allegedly illegal management policies, including arbitrary lease terminations and inadequate repairs and maintenance of apartments in the project. That litigation resulted in a consent decree wherein the Housing Authority agreed, among other things, to follow specific procedures for evictions, setting rents, and maintaining and repairing the apartment units.

The present litigation began when the Housing Authority refused to accede to certain requests made by Georgia Legal Services lawyers representing various tenants. Following discovery and negotiations, the parties reached an agreement as to the primary issues involved in the litigation. The parties then requested that the district court "arbitrate" the remaining issues, which the district court agreed to do. Following a hearing before the district court, the parties entered into a Final Consent Order and Judgment ("the Consent Decree") dated December 6, 1990, and filed the Consent Decree that same day in the clerk's office. The substance of the Consent Decree provides for a method by which tenants could challenge any charges for rent or repairs which the tenants felt to be improper. The remainder of the Consent Decree deals with ancillary issues raised by the tenants. The district court ruled in favor of the tenants on some of those issues and in favor of the Housing Authority on the remaining issues.

### B. *Procedural History*

Twenty-nine days after the entry of judgment of the Consent Decree, the tenants filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988. The Housing Authority filed a brief in opposition to the tenants' motion and contended, among other things, that the tenants' request was untimely. The district court held a hearing, after which it denied the motion for attorney's fees based upon its finding that the motion was untimely under Local Rule 11.2(b) of the United States District Court for the Southern District of Georgia.[1] The tenants then perfected this appeal.

## II. ANALYSIS

The issue presented in this appeal is whether the district court abused its discretion when it found that the request for attorney's fees was untimely.

Title 42 U.S.C. § 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of §§ 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.[2]

The statute itself prescribes no time frame for filing the request for attorney's fees. As a general rule, however, attorney's fee requests must be made within a reasonable period of time after the entry of final judgment. *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers,* 817 F.2d 1533, 1536 (11th Cir.1987); *Gordon v. Heimann,* 715 F.2d 531, 539 (11th Cir. 1983). "The Supreme Court and this circuit have both intimated that the establish-

---

1. 11.2 Attorney's Fees: If a final judgment, including a judgment made final under Fed. R.Civ.P. 54(b), does not determine (or establish other procedures for determining) the amount of attorney's fees which are authorized by statute to be awarded by the Court to or on behalf of a prevailing party or which may be sought under the equitable or inherent powers of the Court, the following procedures shall apply:

   \*   \*   \*   \*   \*   \*

   (b) The motion [for attorney's fees] shall be filed with the Clerk of the Court and served under Fed.R.Civ.P. 5 upon the parties against whom the award is sought at least ten (10) days prior to the expiration of the time within which such opposing parties can file a timely notice of appeal from the judgment under F.R.A.P. 4(a)(1, 3–6).

2. The statute also permits attorney's fees for monitoring consent orders. *Turner v. Orr,* 785 F.2d 1498, 1503–04 (11th Cir.1986).

ment of timeliness standards is best left to the district courts through the adoption of local rules." *Loman,* 817 F.2d at 1536; *see also White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 454 nn. 16 and 17, 102 S.Ct. 1162, 1168 nn. 16 and 17, 71 L.Ed.2d 325 (1982) (district court is authorized to adopt rules establishing timeliness standards for the filing of claims for attorney's fees); *Gordon,* 715 F.2d at 539 n. 8. The United States District Court for the Southern District of Georgia has adopted such a rule. *See* Local Rule 11.-2(b).

Local Rule 11.2 sets forth several procedural requirements for filing a motion for attorney's fees after the entry of a final judgment. At issue here are the time limitations imposed by Local Rule 11.2(b), which require the motion to be filed and served at least ten (10) days prior to expiration of the time within which such opposing parties can file a timely notice of appeal from the judgment under F.R.A.P. 4(a)(1, 3–6). Under F.R.A.P. 4(a), notice of appeal must be filed within thirty days after the date of entry of the judgment or the date of the order.

In the present case, January 5, 1991, is the date falling thirty days from the date the consent decree was entered. *See* F.R.A.P. 26(a). Since January 5, 1991, was a Saturday, timely notice of appeal could have been filed on January 7, 1991. *Id.* Ten days prior to expiration of the time to file an appeal, therefore, was December 28, 1991. Thus, the tenants' request for attorney's fees was seven days late. The tenants seek to avoid the time limitations imposed by Local Rule 11.2(b) by arguing that the Rule applies to appealable orders only, and that a consent decree is not an appealable order.

The starting point in statutory interpretation is "the language [of the statute] itself." *United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986). Rule 11.2 states specifically that it applies to attorney's fees [3] and that

it applies to final judgments, including judgments made final under Fed.R.Civ.P. 54(b). A consent decree is a final judgment that may be reopened only to the extent that equity requires. *Rufo v. Inmates of Suffolk County Jail,* — U.S. —, 112 S.Ct. 748, 753, 116 L.Ed.2d 867 (1992); *Sanders v. Monsanto Co.,* 574 F.2d 198 (5th Cir.1978) (when accepted by the court, a consent decree operates as a final judgment). Thus, by its own language, Rule 11.2 is applicable to consent decrees.

The tenants in this case focus on the "appealability" language of Local Rule 11.-2(b) in an attempt to narrow application of the rule. We agree, however, with the district court that a consent decree fits within the parameters of Local Rule 11.2.

In *Loman,* we held that Local Rule 11.2 applied to any appealable order. In that case the plaintiff obtained a default judgment and the defendant filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). Eight months after the motion was decided in the plaintiff's favor, the plaintiff filed a motion for additional attorney's fees incurred to defend against the Rule 60(b) motion. The district court applied Local Rule 11.2(b) to deny attorney's fees. We held that a fair reading of the Local Rule suggests that the timeliness requirements apply following an order denying a Rule 60(b) motion since it is an appealable final order. *Loman,* 817 F.2d at 1537. *Loman* applied Local Rule 11.2(b) broadly to include *any* appealable final order.

Although typically affirmed on appeal, a consent decree may be appealed. The Supreme Court stated the principle many years ago as follows:

If, when the case gets here, it appears that the decree appealed from was assented to by the appellant, we cannot consider any errors that may be assigned which were in law waived by the consent, but we must still receive and decide the case. If all the errors complained of come within the waiver, the decree below will be affirmed, but only after hearing.

---

3. In order for local rules to establish time limitations for motions for attorney's fees, the local rule must state explicitly that it is applicable to

claims for attorney's fees. *Zaklama, M.D. v. Mount Sinai Medical Center,* 906 F.2d 645, 647 (11th Cir.1990).

*Pacific R.R. v. Ketchum*, 101 U.S. 289, 295, 25 L.Ed. 932 (1879). Moreover, in *Swift & Co. v. United States*, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587 (1928) the Supreme Court held:

> Decrees entered by consent have been reviewed upon appeal ... where there was a claim of lack of actual consent to the decree as entered; or fraud in its procurement; or that there was lack of federal jurisdiction because of the citizenship of the parties. But "a decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause."

*Id.* at 324, 48 S.Ct. at 314 (citations omitted).

In *Dorse v. Armstrong World Industries, Inc.*, 798 F.2d 1372 (11th Cir.1986), we held that appellate review of a consent judgment is appropriate where the stipulation of judgment expressly recognized the defendant's intent to appeal. *Id.* at 1376–77.[4] *See also Shores v. Sklar*, 885 F.2d 760 (11th Cir.1989) (en banc), *cert. denied*, 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990) (appellant's consent to an entry of judgment, without reservation of a right to appeal, bars a subsequent appeal of the order denying class certification). In *Dorse*, we further held that appellate review is proper where lack of actual consent or failure of subject matter jurisdiction is alleged. *Id.* at 1375.[5] *See also White v. C.I.R.*, 776 F.2d 976 (11th Cir.1985) (generally, a party who consents to the entry of judgment waives his right to appeal with two exceptions: (1) where the party did not actually consent or (2) where the court lacked subject matter jurisdiction to enter the judgment).

This circuit has allowed an appeal from a consent decree where the subject of appeal was outside the four corners of the consent decree itself. In *Stallworth v. Shuler*, 758 F.2d 1409 (11th Cir.1985), we denied the plaintiff's motion to dismiss holding that an appeal could lie from a consent decree for attorney's fees entered by the district court because the record showed that only the amount and not the entitlement of fees was covered by the consent decree. The consent decree did not preclude appeal. *Id.* at 1410.

We recognize that appellate review of a consent decree can be had only under limited circumstances. Nevertheless, we read *Pacific Ketchum* as holding that the procedural act of actually filing an appeal from a consent decree may be accomplished whether we consider the assignment of errors in the appeal or not. In the present case, an appeal was not filed; the district court merely used the time limitations for filing an appeal as the date upon which to calculate the time within which a motion

---

**4.** We recognize decisions to the contrary in other circuits as well as in this circuit. Specifically, *Amstar Corp. v. Southern Pac. Transport Co. of Texas and Louisiana*, 607 F.2d 1100 (5th Cir.1979), *cert. denied*, 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980), which held that an appeal cannot lie from a consent judgment notwithstanding the fact that the judgment contained a recognition that a party wished to appeal. *Id.* at 1100. However, Justice Blackmun's dissent from the denial of certiorari in that case suggests that the case was wrongly decided because it ignores the parties' intent. *Amstar*, 449 U.S. at 924, 101 S.Ct. at 327.

As noted in *Dorse, Amstar* is also in conflict with *Greenhouse v. Greco*, 544 F.2d 1302 (5th Cir.1977), a case decided prior to *Amstar*, but not cited therein. *Dorse*, 798 F.2d at 1376. In *Greenhouse*, the court denied a motion to dismiss the appeal holding that the doctrine that one may not appeal from a consent judgment did not apply because the parties did not consent to a judgment that would preclude review. *Greenhouse*, 544 F.2d at 1305. Research reveals no definitive answer to the question regarding whether an appeal can technically be filed irrespective of the merits of such an appeal. Where circuit authority is in conflict, the earliest panel opinion resolving the issue in question binds this circuit until the court resolves the issue en banc. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981).

**5.** In *Dorse*, we left open the question of whether a consent decree not falling into one of the above-categories should be dismissed for lack of standing or affirmed under a waiver-of-error principle. *Id.* at 1374, n. 3. Following *Pacific Railroad* it appears that the proper view is that a consent decree may be affirmed based on a waiver-of-error principle. 15A Charles A. Wright, et al., *Federal Practice and Procedure*, § 3902, at 92–93 (1992).

for attorney's fees could be filed.[6]

In *Watkins v. McMillan*, 779 F.2d 1465 (11th Cir.1985), we affirmed the district court's denial of a motion for attorney's fees on the ground that the motion was untimely. There, the local rule provided in pertinent part:

> In any case in which an attorney is entitled ... to attorney fees ... [the] petition [for the fees] shall be filed or mailed by certified or registered mail within 30 days from the date of judgment, or such claim shall be deemed waived.[7]

The plaintiff in *Watkins* failed to file his motion for attorney's fees within the thirty day time limit prescribed by the rule. He contended that his filing was timely because the final judgment which triggered the rule was not final until affirmed on appeal, and not merely a final judgment entered by the district court. In affirming the district court's denial of the motion for attorney's fees, we held that for purposes of the local rule, post-judgment motions or a subsequent appeal do not affect in any manner the time limits contained in the local rule.

In *Pitts v. Freeman*, 755 F.2d 897 (11th Cir.1985), we again affirmed the denial of attorney's fees based on the ground that the motion was untimely. There, the local rule[8] stated "[a]ny party seeking an award of attorney's fees pursuant to ... 42 U.S.C. § 1988 must file a motion ... within fifteen (15) days of the entry of the final judgment as to the party seeking the award." In rejecting appellant's argument that the district court's order was not a "final judgment" within the meaning of the local rule because the judgment was being appealed, we held that the "district court's interpretation is not only acceptable, but appears to be the only acceptable interpretation" of the local rule. *Id.* at 898.

As these cases demonstrate, this circuit gives great deference to a district court's interpretation of its local rules. This is consistent with other circuits. In *Jackson v. Beard*, 828 F.2d 1077 (4th Cir.1987), the Fourth Circuit affirmed the denial of petitioner's attorney's fees motion on the ground that the filing of post-judgment motions did not delay the start of the running of the twenty day period prescribed by the local rule for such motions. The petitioners argued that the timing of the motion should be interpreted as beginning with the disposition of all post-judgment motions, not with the entry of the district court's judgment. *Id.* at 1079. The Fourth Circuit found that argument unpersuasive, and gave deference to the United States Magistrate's interpretation of the district court's local rule. The Fourth Circuit held that a magistrate's singular interpretation is entitled to some measure of deference, particularly in view of the fact that his position was not at odds with that of any judge in the district. *Id.*

In the present case, Rule 11.2 is tied to the time when an appeal can be filed. The Rule makes no exceptions for cases in which an appeal will not lie, cannot lie, or should not lie. Since a consent decree is an appealable order in some circumstances, we see no rational basis for it to be excluded from the coverage of Local Rule 11.2(b). Indeed, the district court interpreted Rule 11.2 as applying to consent decrees without exception. A district court is the "best judge of its own rules." *United States Fidelity and Guaranty Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir.), *cert. denied*, 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964). To hold otherwise would create confusion and delay by requiring a district court to make a threshold determination whether a consent decree is appealable or not. This would undermine the goal of timeliness standards that local rules seek to establish. *See White v. New Hampshire*

---

**6.** At oral argument, counsel for the tenants conceded that an appeal from the consent decree could have been filed.

> Judge Hill: Could the tenants have appealed timely?
> Counsel: The tenants could have appealed just as anyone can file a notice of appeal.
> Judge Hill: It might not be a successful one.
> Counsel: Yes, your honor.

**7.** Rule 5, Local Rules of the United States District Court for the Middle District of Alabama.

**8.** Rule 421.1, Local Rules of the United States District Court for the Northern District of Georgia.

*Department of Employment Security,* 455 U.S. at 454 nn. 16, 17, 102 S.Ct. at 1168 nn. 16, 17. Moreover, the tenants in this case offer no persuasive reason for applying a more flexible time limit to a motion for attorney's fees that follows a consent decree.

This court reviews an award of attorney's fees for abuse of discretion; nevertheless, that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching a fee award. *See Camden I Condominium Ass'n, Inc. v. Dunkle,* 946 F.2d 768, 770 (11th Cir.1991); *Haitian Refugee Ctr. v. Meese,* 791 F.2d 1489, 1496, *vacated in part on other grounds,* 804 F.2d 1573 (11th Cir.1986).

After a thorough review of the record, we are persuaded that the district court's rationale for denying the motion for attorney's fees was reasonable. Because a district court's interpretation of its own rules should be granted deference, we decline, in the present case, to second-guess the district court's interpretation of its own Rule. The district court's order denying the tenants' motion for attorney's fees is affirmed.

AFFIRMED.