United States Court of Appeals,

Eleventh Circuit.

No. 95-3216.

FOODTOWN, INC. OF JACKSONVILLE, a Florida Corporation, Plaintiff-Appellant,

v.

ARGONAUT INSURANCE COMPANY, a foreign corporation, Argonaut-Midwest Insurance Company, a foreign corporation, Defendants-Appellees,

Travelers Express, Movant.

Dec. 30, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. Wm. Terrell Hodges, Judge.

Before TJOFLAT and COX, Circuit Judges, and VINING[*], Senior District Judge.

PER CURIAM:

Foodtown, Inc. of Jacksonville ("Foodtown") appeals the district court's order awarding attorneys' fees to Foodtown pursuant to a Florida fee-shifting statute, section 627.428, Florida Statutes.[1] The district court determined the maximum amount of attorneys' fees it could award based solely on a written contingent fee agreement between Foodtown and its attorneys and refused to recognize a different oral agreement between those two parties. We affirm.

---

[*]Honorable Robert L. Vining, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

[1]Foodtown also appeals the district court's order relating to damages. In that order, the court denied Foodtown's claim for income loss under its insurance policy and for consequential damages allegedly resulting from a denial of its insurance claim. Pursuant to 11th Cir.R. 36-1, we affirm that order without discussion.

## I. BACKGROUND

In 1989, a fire damaged Foodtown's grocery store. After Foodtown's insurer, Argonaut-Midwest Insurance Company ("Argonaut"), denied coverage for Foodtown's losses resulting from the fire, Foodtown hired a law firm to represent it in a claim against Argonaut. As compensation for representation, Foodtown and the law firm orally agreed that the law firm would receive the greater of either a sliding scale percentage of any recovery it obtained for Foodtown or a court-determined reasonable amount.[2] Although this particular agreement was not reduced to writing, Foodtown and the law firm did sign a written agreement which stated that as compensation for representation, the law firm would receive a sliding scale percentage of any recovery it obtained for Foodtown.

Subsequently, the law firm assumed representation and filed suit against Argonaut. Following a non-jury trial, the district court found that Foodtown was entitled to both recovery under its insurance policy and attorneys' fees under section 627.428. The court then referred the specific issue concerning the amount of attorneys' fees to the magistrate judge.

To calculate the maximum amount of attorneys' fees to which Foodtown would be entitled under its fee agreement with the law firm, the magistrate judge examined the oral and written agreements and determined that the oral agreement violated the Florida ethical

---

[2]Under this type of agreement, a court may apply a contingent risk multiplier and award reasonable attorneys' fees which exceed the amount of the fees under the percentage-of-recovery alternative. *See Kaufman v. MacDonald,* 557 So.2d 572, 573 (Fla.1990).

rule requiring that contingent fee agreements be in writing. For this reason, the magistrate judge refused to enforce the oral agreement, adding that "[t]o enforce oral contingent fee agreements in the fee-shifting context would needlessly expend scarce judicial resources to determine the actual terms of the agreement despite a clear written agreement which provides otherwise. There is also a great potential for abuse...." R. 7-204-16.

After refusing to recognize the oral agreement, the magistrate judge employed the written agreement to set the maximum amount of fees and recommended that the amount of fees be equal to this maximum amount; specifically, 40% of recovery as prescribed by the written agreement's sliding percentage scale. Over Foodtown's objections, the district court adopted the recommendation.

Foodtown appeals that decision, contending that the oral and written agreements together substantially comply with the Florida ethical rule governing contingent fee agreements and therefore the district court erred in setting the maximum amount of fees according to the written agreement alone. Alternatively, Foodtown contends that the written and oral agreements together make up one indivisible fee contract and the district court should not have enforced any part of that contract after refusing to enforce the oral portion. Instead, Foodtown argues that the district court should have determined attorneys' fees using the lodestar method.

Argonaut contends that the oral agreement violated the Florida ethical rule requiring that contingent fee agreements be in writing and therefore should be unenforceable as against public policy. Further, Argonaut contends that the district court properly

recognized the written agreement as divisible from the unenforceable oral agreement to determine the maximum amount of fees.

This court must decide whether the district court properly refused to recognize the oral agreement, and, if so, whether the court properly employed the written agreement to establish the maximum amount of attorneys' fees it could award.[3]

## II. DISCUSSION

This court reviews an attorneys' fee award for abuse of discretion. *Clark v. Housing Auth. of City of Alma,* 971 F.2d 723, 728 (11th Cir.1992). Nevertheless, "that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching [the] fee award." *Id.*

A fee agreement entered into between a prevailing party and its attorneys does not substantially control a court's determination of reasonable fees to be awarded under fee-shifting statutes such as section 627.428. *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1151 (Fla.1985). Rather, the fee agreement merely establishes the maximum amount that the court can award. *Id.*

In this case, the district court refused to recognize the oral fee agreement between Foodtown and its attorneys which avoided setting a maximum amount by providing for attorneys' fees based on the higher of either a percentage of recovery or court-determined amount. We conclude that the district court properly refused to

_____

[3]Argonaut does not argue that Foodtown is not entitled to the maximum amount determined by the written contingent fee agreement.

recognize the oral agreement under *Chandris, S.A. v. Yanakakis,* 668 So.2d 180 (Fla.1995).

In *Chandris,* the Florida Supreme Court held that "a contingent fee [agreement] entered into by a member of the Florida Bar must comply with the rule governing contingent fees in order to be enforceable.... [T]he requirements for contingent fee [agreements] are necessary to protect the public interest." *Id.* at 186. Under the rule governing contingent fees, a contingent fee agreement "must be reduced to a written contract" and "each participating attorney or law firm [must] sign the contract or agree in writing to be bound by the terms of the written contract with the client...." R. Regulating Fla. Bar 4-1.5(f)(1), (2). Because the oral agreement between Foodtown and the law firm violated the rule governing contingent fees, the district court properly refused to recognize it.

After refusing to recognize the oral agreement, the district court limited the amount of attorneys' fees to the maximum amount set forth in the written agreement. In so doing, the district court properly employed the clear, enforceable, written contract between the parties which complied fully with the rule governing contingent fee agreements. As stated in *Medical Center Health Plan v. Brick,* 572 So.2d 548, 551 (Fla.Dist.Ct.App.1990), "[a] party is bound by ... the clear and unambiguous terms of a voluntary contract."

We reject Foodtown's contention that the district court should not have employed the written agreement after finding the oral agreement unenforceable. As the magistrate judge recognized, a

great potential for abuse would arise in the fee-shifting context (where the party paying the fee has not participated in making the fee agreement) if the court refused to recognize a clear, enforceable, written agreement because of the existence of an unenforceable oral agreement. Further, the Florida Supreme Court's *Chandris* decision leaves no doubt that a law firm which does not ensure that an oral contingent fee agreement is included in its written contingent fee agreement does so at its own risk. *See Chandris,* 668 So.2d at 185-86.

### III. CONCLUSION

Finding that the district court did not abuse its discretion for the above reasons, we affirm the district court's order relating to attorneys' fees.

AFFIRMED.