[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12582
Non-Argument Calendar

_____

D. C. Docket No. 05-01469-CV-TCB-1

FELICIA A. POPE,

Plaintiff-Appellant,

versus

PILGRIMS PRIDE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 5, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

This is Felicia Pope's appeal of an order finding that the Pilgrim's Pride

Corporation timely filed its bill of costs after the district court granted summary judgment in the company's favor.

It is undisputed that Pilgrim's Pride filed the bill of costs thirty-three days after the entry of the judgment. Although the district court's local rules require that "[a] bill of costs must be filed by the prevailing party within thirty (30) days after the entry of judgment," N.D. Ga. R. 54.1, the district court found that the bill was timely filed by relying on its Local Rule 6.1. That rule provides that:

> For time periods greater than eleven (11) days, the three (3) day mail extension of [Fed. R. Civ. P.] 6(e) is added to the stated response time to create a lengthened time period. For example, a response time of thirty (30) days becomes a response time of thirty-three (33) days.

N.D. Ga. R. 6.1. Federal Rule of Civil Procedure 6(e), in turn, gives parties an additional three days "[w]henever a party must or may act within a prescribed period after service," as long as service is made in certain ways that are not here relevant.

On appeal, Pope contends that the district court misinterpreted Local Rule 6.1. She emphasizes that the three-day extension provided under Fed. R. Civ. P. 6(e) and referenced in Local Rule 6.1 applies only to time periods in which "a party must or may act within a prescribed period after service." And since the thirty-day time period for filing a bill of costs is a period that begins to run "after the <u>entry of judgment</u>," N.D. Ga. R. 54.1 (emphasis added), the three-day

2

extension is unavailable.  In other words, she says, since judgments are not subject to "service,"  Fed. R. Civ. P. 6(e) and (accordingly) Local Rule 6.1 do not apply.

Pope's interpretation of these rules seems reasonable to us, and it may even be the interpretation we would follow were we to decide the issue in the first instance.  See, e.g., Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1113–14 (11th Cir. 1993) (holding that the three-day grace period in Fed. R. Civ. P. 6(e) does not apply to motions for a new trial under Fed. R. Civ. P. 59, in part because the time period for filing those motions begins to run from "entry of judgment").

The problem with her argument, however, is that it doesn't explain why the district court's reading of Local Rule 6.1 is unreasonable.  By its terms, that rule applies to "time periods greater than eleven (11) days."  The district court very well could have read that phrase to mean all "time periods greater than eleven (11) days."  The rule's grant of extensions to "response time[s]" is similarly subject to multiple, reasonable interpretations.  Although one plausibly could read that phrase as referring only to time periods triggered by some sort of service, we think the district court also could have reasonably read it as referring to any time period within which a party must act.

All these details aside, we must remember that we are to give "great deference to a district court's interpretation of its local rules."  Clark v. Housing

3

Authority, 971 F.2d 723,727 (11th Cir. 1992). "A district court is the best judge of its own rules," id. (citing United States Fid. & Guar. Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir. 1964) (internal quotation marks omitted)), and all that is required is that the interpretation be reasonable, see id. at 728. Because that is the case here, we must affirm the district court's order.

**AFFIRMED.**