[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14484
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00986-CV-MHS-1

CARGILL LIMITED,

Plaintiff-Counter-
Defendant-Appellee,

versus

BRADFORD E. JENNINGS,

Defendant-Counter-
Claimant-Appellant,

H. LOUIS TOOKER,
JT INVESTMENTS (CHAMBLY I) CORP.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 22, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Bradford Jennings appeals the summary judgment in favor of and the award of attorney's fees to Cargill Limited on its complaints of breach of contract, conversion, and unjust enrichment and the summary judgment against Jennings's counterclaim. The district court concluded that there was no genuine issue of material fact that Jennings owed Cargill tax refunds that he had received. We affirm.

## I. BACKGROUND

In October 2001, Cargill Limited, a Canadian company, executed a twenty year lease of commercial property in Quebec, Canada, owned by Chambly Corporation. Jennings signed the lease as president of Chambly. Jennings and Cargill also executed a loan agreement in which Cargill agreed to pay taxes on the rents and Jennings agreed to reimburse Cargill from his tax refunds. Two months later, Chambly assigned its rights to the property to JT Investments, a Delaware partnership in which Jennings is a partner.

In 2004 and 2005, Cargill paid the withholding taxes on the rents and Jennings received the tax refunds. Cargill demanded reimbursement. Jennings refused to remit the funds.

Cargill filed a complaint against Jennings and JT Investments that alleged breach of contract, conversion, and unjust enrichment. 28 U.S.C. § 1332. Cargill also requested attorney's fees based on Jennings's bad faith, Ga. Code Ann. § 13-6-11, and his failure to pay, undue delay, and improper conduct. Ga. Code Ann. § 9-15-14. Jennings moved to dismiss because Cargill failed to join Morty Zafran, a Canadian agent who managed the rent and tax payments, whom Jennings alleged was in possession of the proceeds of the tax refunds. After the district court denied the motion, Jennings filed an answer in which he admitted that he had withheld the tax refunds to "setoff" money Cargill owed him for unpaid rent and "other sums." Jennings also filed a counterclaim for breach of contract and unjust enrichment. Jennings alleged that Cargill had benefitted from the unauthorized filing of his 2006 tax return and Cargill had "la[id] claim" to the 2006 refund.

Cargill moved for summary judgment. Cargill argued that Jennings had admitted to withholding his 2004 and 2005 tax refunds and that Cargill had not received Jennings's 2006 tax refund. In support of its arguments, Cargill filed a copy of the loan agreement and affidavits from Zafran and Laurence Uzureau, a Cargill employee. Zafran's three affidavits stated that he had forwarded the refund checks to Cargill in years 2001 through 2004, but he had not received the 2004 or 2005 refunds; he had received all payments due from Cargill; and Jennings

3

received the 2004 and 2005 tax refunds. Uzureau's two affidavits stated that Jennings had not reimbursed Cargill in 2004 or 2005 and Cargill had not sought or received any payment from Jennings's 2006 tax payment or claimed a credit on its tax return for the payment.

Jennings responded in an affidavit that he did not file or authorize the filing of a 2006 tax return but that a return had been filed in his name. He later alleged that Zafran had filed a fraudulent 2006 tax return in his name and there was an active investigation regarding Cargill's possible participation in the fraud. Jennings argued that summary judgment was inappropriate because "[t]he issue of Zafran's credibility is one which stands unresolved[.]"

The district court granted summary judgment in favor of Cargill on its complaint and against Jennings's counterclaims. The district court awarded attorney's fees because Jennings had been "stubbornly litigious" and had asserted baseless claims and defenses. Cargill later moved for attorney's fees and attached affidavits from two attorneys and two paralegals that detailed the hours expended on specific activities in the case, fees incurred, and their hourly rates. Jennings objected to the motion and argued that Cargill did not submit "appropriate supporting documentation" to support its attorney's fees. The district court ruled that Cargill's motion was "properly and amply supported by the affidavits

submitted" and the hours expended and rates charged were reasonable. The court awarded the attorney's fees requested by Cargill.

## II. STANDARDS OF REVIEW

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review the award of attorney's fees for abuse of discretion. Clark v. Housing Auth. of Alma, 971 F.2d 723, 728 (11th Cir. 1992).

## III. DISCUSSION

Jennings raises three arguments on appeal. First, he argues that Cargill was not entitled to summary judgment in favor of its complaint because Zafran was an unreliable witness. Second, Jennings argues that Cargill was not entitled to summary judgment against his counterclaim for unjust enrichment. Third, Jennings argues that Cargill failed to submit evidence to support the award of attorney's fees. These arguments fail.

Jennings withheld the 2004 and 2005 tax refunds owed to Cargill. The loan agreement provided that Jennings would remit his refund payments to Cargill.

5

Jennings's actions breached the contract and converted money due Cargill.  See Adler v. Hertling, 451 S.E.2d 91, 96 (Ga. Ct. App. 1994).  Jennings failed to present any evidence that any statements of fact in Zafran's affidavit are false or create an issue of fact to resolve at trial.  The district court correctly granted summary judgment to Cargill.

Jennings argues that the district court failed to view the evidence in the light most favorable to his counterclaim of unjust enrichment, but we disagree.  Laurence Uzureau attested that Cargill had not asserted rights to or offset its tax liability with Jennings's 2006 tax payment.  Jennings's "merely colorable" assertion to the contrary does not create a genuine issue of fact.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50, 106 S. Ct. 2505, 2510–11 (1986).

The district court did not abuse its discretion by awarding attorney's fees to Cargill.  Cargill submitted affidavits that detailed the time expended for specific tasks undertaken by its legal counsel from which the district court could determine if the time allotted and charges incurred were reasonable.  The court was entitled to award attorney's fees based on the information in those affidavits.  See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Cargill.