[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

No. 09-13848
Non-Argument Calendar

_____

D. C. Docket No. 08-02096-CV-TWT-1

JAMES RAE HARRISON,

Plaintiff-Appellant,

versus

PHIL MILLER,
Douglas County Sheriff Department,
KEN HARPER,
Douglas County Sheriff Department,
MICHELLE AUSTIN,
Douglas County Sheriff Department,
TOMMY WHEELER,
Douglas County Sheriff Department,
ANTHONY POWER,
Douglas County Sheriff Department, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 3, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Rae Harrison appeals *pro se* from the district court's dismissal of his 42 U.S.C. § 1983 complaint on the ground that he failed to file notice of his address change in violation of Federal Rule of Civil Procedure 41(b) and Local Rules 41.2(C) and 83.1(D)(3) in the U.S. District Court for the Northern District of Georgia. On appeal, Harrison asserts that the defendants intentionally mailed him materials at an incorrect address.

We review the district court's dismissal of a case under Federal Rule of Civil Procedure 41(b) for an abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). We give "great deference to a district court's interpretation of its local rules." *Clark v. Housing Auth. of City of Alma*, 971 F.2d 723, 727 (11th Cir. 1992) (citation and quotation omitted).

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint for failure to comply with a court order. Under the Northern District of

Georgia's local rules, the failure of a *pro se* party to keep the clerk's office informed of any address change which causes a delay or otherwise adversely affects the management of a civil case constitutes grounds for dismissal of the action without prejudice. N.D. Ga. R. 41.2(C); N.D. Ga. R. 83.1(D)(3); *see* Doc. 42-2.

A review of the record indicates that the district court's order expressly instructed Harrison to keep the court advised of his current address. Doc. 4. However, Harrison did not update his address despite the notices and discovery sent to his undeliverable address in November 2008. *See* Docs. 19 and 23, Exh. B. In February 2009, Harrison responded to a motion to dismiss, but he continued to fail to comply with the local rules and the district court's order. Moreover, Harrison offers no persuasive argument challenging the district court's determination that his noncompliance resulted in a substantial delay in the proceedings. Accordingly, we hold that the district court did not abuse its discretion in dismissing Harrison's amended complaint without prejudice, and we affirm.

**AFFIRMED.**