[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12591
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02635-CAP


JAY WARNING,

Plaintiff -Appellant,

versus

BANK OF NEW YORK MELLON,
as Trustee for the Holder of Cwalt, Inc.,
alternative Loan Trust 2004-J13,
Mortgage Pass Through Certificate, Series 2004-J13,
f.k.a. The Bank of New York,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 7, 2014)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Jay Warning, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a claim upon which relief could be granted, under Federal Rule of Civil Procedure 12(b)(6), and its denial of his two motions for reconsideration. He contends that the district court erred in dismissing his pro se action without informing him of the opportunity to file a motion to amend his complaint or of his right to appeal. Warning also asserts that the district court erred because it failed to explain the deficiencies in his complaint so that he could properly amend it.

Warning's initial, counseled complaint raised a number of claims that stemmed from the Bank of New York Mellon's foreclosure of his property. The district court dismissed that complaint in August 2012. After retaining new counsel, Warning filed a motion for reconsideration, which the district court denied. He then submitted a second motion for reconsideration, this time as a pro se litigant. The district court again denied the motion, citing a local rule which prohibits parties from asking the court to reconsider its denial of an earlier motion for reconsideration.

Warning appealed the district court's dismissal of his complaint and its denial of his two motions for reconsideration. This Court issued an order on

2

January 28, 2014, concluding that Warning's appeal was untimely with respect to the dismissal of his complaint and the denial of his first motion for reconsideration. The order permitted Warning to proceed only with his appeal of the district court's denial of his second motion for reconsideration. As a result, we will consider only Warning's arguments challenging the denial of his second motion for reconsideration.

Warning's brief to this Court, however, does not address the denial of his second motion for reconsideration except for the occasional passing reference to it. He instead focuses on the district court's dismissal of his complaint. Although we liberally construe the pleadings of pro se litigants, "issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). And even if he had not abandoned his challenge of the district court's denial of his second motion for reconsideration, the district court did not abuse its discretion[1] by denying it. Rule 7.2E of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia provides that parties "shall not file motions to reconsider the court's denial of a prior motion for reconsideration." LR 7.2E, NDGa. The district court's reliance on that clearly worded local rule was not an abuse of discretion. See Clark v. Hous. Auth. of City

---

[1] We review the denial of a motion for reconsideration for abuse of discretion. Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

of Alma, 971 F.2d 723, 727 (11th Cir. 1992) ("[T]his circuit gives great deference

to a district court's interpretation of its local rules.").

    **AFFIRMED**.