NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COBRA INTERNATIONAL, INC., A FLORIDA CORPORATION,**
*Plaintiff-Appellant*

**v.**

**BCNY INTERNATIONAL, INC, A NEW YORK CORPORATION, JORDARA FAR EAST INC., A NEW YORK CORPORATION, FAMILY DOLLAR STORES, A NORTH CAROLINA CORPORATION, DOLLAR GENERAL STORES, A TENNESSEE CORPORATION, FRED'S STORES OF TENNESSEE, INC., A TENNESSEE CORPORATION, LARRY ROTH, BRUCE CAGNER,**
*Defendants-Cross-Appellants*

---

2016-2103, 2016-2173, 2016-2635

---

Appeals from the United States District Court for the Southern District of Florida in No. 0:05-cv-61225-KAM, Judge Kenneth A. Marra.

---

Decided: November 17, 2017

---

FRANCIS KUBLER, Oltman Flynn & Kubler, Fort Lauderdale, FL, argued for plaintiff-appellant.

MITCHELL S. FELLER, Gottlieb Rackman & Reisman, P.C., New York, NY, and JOHN F. O'SULLIVAN, Hogan Lovells US LLP, Miami, FL, argued for defendants-cross-appellants.  Also represented by JASON STERNBERG.

———————————

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Cobra International, Inc. ("Cobra") is an owner of U.S. Patent No. 5,821,858, which covers circuitry for lighted footwear.  It brought suit for patent infringement against five retail corporations and two individuals ("the defendants") in the District Court for the Southern District of Florida in 2005.  In the course of discovery, as early as 2006, it became apparent that there was a co-inventor who had not been named in the patent.  Eventually, in 2015, Cobra identified an individual as the co-inventor, and the co-inventor's ownership interest was assigned to a new entity, Pangaea Global Enterprises, LLC ("Pangaea").  Cobra then sought a certificate of correction from the Patent and Trademark Office ("PTO") to add the co-inventor, and the PTO issued that certificate on September 15, 2015.  Cobra did not, however, move for leave to amend its complaint to add Pangaea, the assignee of the co-inventor's ownership interest, until November 18, 2015, more than two months after the certificate's issuance.

The district court, finding that Cobra had not shown good cause for the delay in moving for leave to amend, denied the motion and dismissed the complaint without prejudice.  The defendants moved for sanctions pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285.  The district court denied the motion for sanctions on the ground that the request was untimely under its local rules.

Cobra appeals the denial of the motion for leave to amend. The defendants cross-appeal the denial of their motion for summary judgment on noninfringement (an order entered earlier in the proceedings) and the denial of sanctions.

We affirm the denial of the motion for leave to amend. Even if we assume that Cobra had been diligent up to the point of the PTO's issuance of the certificate of correction, Cobra failed for two months thereafter to file its motion. It was within the district court's discretion to deny the motion for failure to establish good cause because of Cobra's lack of diligence. *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."); *see also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (per curiam) (finding no abuse of discretion based on lack of diligence in light of six-week delay in filing motion for leave to amend).

The cross-appeal from the denial of the defendants' motion for summary judgment is frivolous, and we affirm the district court. The denial of a motion for summary judgment is ordinarily not appealable. *E.g.*, *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1336 (Fed. Cir. 2014); *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1357 (Fed. Cir. 2013); *see also Johnson v. Jones*, 515 U.S. 304, 309-12 (1995). If the defendants wished to argue on appeal that they were entitled to a judgment of noninfringement, they were required to secure a final judgment on infringement, which they did not do. In any case, the district court had no authority to address the merits of the case once it declined to add Pangaea, which was the co-owner of the patent. *See, e.g.*, *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 848-49 (Fed. Cir. 2009) (ruling that a district

court erred in reaching merits of infringement in light of missing co-owner), *aff'd*, 563 U.S. 776 (2011).

With respect to the cross-appeal on sanctions, the local rule provides that sanctions motions must "be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1). The district court did not err in interpreting that rule to require the filing of a motion for sanctions within 60 days of the entry of judgment and in finding that this period was not tolled during the pendency of Cobra's motion for reconsideration. The Eleventh Circuit's nonprecedential decision in *Galdames v. N & D Investment Corp.*, 432 F. App'x 801, 805 (11th Cir. 2011) (per curiam), is not to the contrary, since it involved a motion for a new trial under Rule 59, not a request for reconsideration. *Cf. Clark v. Hous. Auth. of Alma*, 971 F.2d 723, 727 (11th Cir. 1992) (suggesting under another local rule that "post-judgment motions or a subsequent appeal do not affect in any manner the time limits contained in the local rule" even if they affect the finality of the judgment for other purposes).

**AFFIRMED**

COSTS

Costs to neither party.