[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10923
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-22820-JAL

LIZANNE DEEGAN,

Plaintiff-Appellant,

versus

HOMESTEAD POLICE DEPARTMENT,
ALEXANDER ROLLE,
ANTONIO AQUINO,
MARIE KENT,
CITY OF HOMESTEAD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2018)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Lizanne Deegan, a former sergeant of the Police Department for the City of Homestead, appeals the dismissal in part and summary judgment in part against her amended complaint that she was falsely arrested and maliciously prosecuted in violation of federal and state law. 42 U.S.C. § 1983. Deegan was suspended, indicted, and terminated for official misconduct, but after the dismissal of Deegan's indictment, she was reinstated to a position with a lesser rank and salary. Deegan alleged that former investigators Antonio Aquino and Marie Kent fabricated evidence against her during their criminal and internal affairs investigations and that the City and its Chief of Police, Alexander Rolle, were responsible for the officers' unlawful conduct. After the district court dismissed Deegan's claims against the City and against Chief Rolle for failure to state a claim, Officers Aquino and Kent moved for summary judgment. Deegan moved for leave to file a second amended complaint against the City and Chief Rolle, but the district court denied the motion. Later, the district court entered summary judgment in favor of the officers. We affirm.

We review *de novo* the dismissal of a complaint, *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), and a summary judgment, *Cozzi v. City of Birmingham*, 892 F.3d 1288, 1293 (11th Cir. 2018) . We view the allegations in the complaint in the light most favorable to the plaintiff and accept her well-pleaded facts as true. *St. George*, 285 F.3d at 1337. Summary judgment is appropriate when

2

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court did not err by dismissing Deegan's claim against Chief Rolle for false arrest in violation of federal law. Deegan alleged that she had a "falling out" with Chief Rolle that caused him to "develop[] a personal animosity towards [her]." She also alleged that Officer Kent "brought in [Officer] Aquino to assist in [the internal affairs] investigati[on] with Chief Rolle's permission," the two officers "conducted a flawed and incomplete investigation and falsified the result . . . to obtain an unjustified arrest warrant," and Officer Aquino's "affidavit [for the warrant] contained numerous false allegations and material misrepresentations and omissions." And Deegan alleged that "Chief Rolle authorized and approved [her] arrest." But these allegations establish an unlawful arrest by Officers Aquino and Kent, not Chief Rolle. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004) (making an arrest without a warrant or probable cause and "falsifying evidence" violates the Fourth Amendment). Because Chief Rolle did not personally participate in the investigation or in preparing the affidavit, he could not be liable unless he caused the officers to act unlawfully or he knowingly failed to thwart their unlawful conduct. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

3

Deegan failed to allege that Chief Rolle instructed the officers to falsify evidence or that he knew they would do so. Nor did Deegan allege that Chief Rolle ignored a widespread history of officers falsifying evidence against suspects or that the unlawful conduct was attributable to a policy Chief Rolle instituted or to a custom that he condoned. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Deegan failed to state a claim that Chief Rolle was liable for the allegedly unlawful actions of his subordinates.

The district court also did not err by dismissing Deegan's claim against Chief Rolle for malicious prosecution in violation of federal law. A police officer is not the legal cause of a malicious prosecution when he is not "responsible for the decision to prosecute, and . . . [did not] improperly influence[] the decision to prosecute." *Eubanks v. Gerwen*, 40 F.3d 1157, 1160–61 (11th Cir. 1994). Deegan failed to allege that Chief Rolle made the decision to prosecute or convinced the prosecutor to indict her.

Deegan has abandoned any challenge that she could have made to the dismissal of her claims against Chief Rolle under state law for false arrest and malicious prosecution. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385

4

F.3d 1324, 1330 (11th Cir. 2004). Deegan makes no argument against the dismissal of her claims against Chief Rolle under state law.

Deegan also identifies no error in the dismissal of her claims against the City. To impose liability on the municipality, Deegan had to establish that the City established or ratified a custom or policy that caused Officers Aquino and Kent to act unlawfully. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). But the district court ruled that the City's alleged "fail[ure] to take any action to limit the [Chief's] arbitrary policies" of "showing favoritism" and "of retaliation" did not amount to a violation of her constitutional rights, and Deegan does not challenge that ruling. *See Access Now*, 385 F.3d at 1330. She argues that the City "may be liable to the extent that Chief Rolle" instituted a policy "to unlawfully deny public records requests," but we decline to consider a fact-intensive theory of liability that Deegan never presented to the district court. *See Blue Martini Kendall, LLC v. Miami Dade Cty. Fla.*, 816 F.3d 1343, 1349 (11th Cir. 2016). Deegan also has abandoned any challenge she could have made to the ruling that she failed to state a claim against the City for inadequate supervision and training of its police chief and internal affairs officers. *See Access Now*, 385 F.3d at 1330.

The district court did not abuse its discretion by denying Deegan's motion for leave to file a second amended complaint against the City and Chief Rolle. "District courts have unquestionable authority to control their own dockets" and

5

enjoy "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks and citations omitted). Deegan filed her motion for leave to amend two weeks after the district court dismissed her first amended complaint, more than six months after the City and Chief Rolle moved for the dismissal, and more than seven months after the deadline expired to file an amended complaint. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). Deegan also failed to establish good cause to amend her complaint. *See* Fed. R. Civ. P. 16(b)(4). She does not dispute that the findings she sought to include in her second amended complaint were "allegations . . . available to her at the time she filed her first amended complaint" and that her allegations "appear insufficient to state a claim against the Chief or the City." We cannot say it was an abuse of discretion when the district court denied Deegan's motion "to preserve [its] trial calendar and the orderly administration of its docket" and as "too late and prejudicial."

Deegan also fails to identify any error in the decision to enter summary judgment in favor of Officers Aquino and Kent and against her claims of false arrest and malicious prosecution under federal and state law. Deegan argues that the facts in the joint pretrial stipulation precluded summary judgment, but the district court based its ruling on the statement of undisputed facts that the officers submitted with their motion, as required by a local rule, *see* S.D. Fla. L. R. 56.1.

That rule provides that "[a]ll material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L. R. 56.1(b). We "give[] great deference to [the] district court's interpretation of its local rules," *Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 727 (11th Cir. 1992), and because Deegan failed to file a "[s]tatement of material facts . . . in opposition to [the officers'] motion for summary judgment," S.D. Fla. L. R. 56.1(a), we cannot say that the district court abused its discretion when it "deemed admitted" the version of events in the officers' statement of undisputed facts. Deegan does not dispute, in the light of the facts in the officers' statement, that they possessed probable cause to arrest her, which defeated her claims of false arrest and malicious prosecution.

We **AFFIRM** the judgment in favor of the City, Chief Rolle, and Officers Aquino and Kent.