[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11085
Non-Argument Calendar

_____

D.C. Docket No. 9:16-cv-80077-RAR

ROBIN HERFIELD,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,
Carolyn W. Colvin,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Robin Herfield appeals the award of attorney's fees under the Equal Access to Justice Act following her successful challenge to the denial of her application for disability insurance benefits. Herfield challenges as inadequate the hourly rate of $125 awarded for work by Curtis Fisher, an out-of-state attorney who drafted briefs for Herfield's counsel of record. The district court paid Fisher as a non-attorney because he was not a member of the bar of the Southern District of Florida and failed to seek admission to practice *pro hac vice* in Herfield's action against the Commissioner of Social Security. *See* S.D. Fla. S.R. 4(a). We affirm.

Herfield's application for attorney's fees requested compensation for her counsel of record and for Fisher of more than $190 an hour, which Herfield calculated by adding a cost-of-living increase to the maximum statutory hourly rate of $125 for attorneys. *See* 28 U.S.C. § 2412(d)(2)(A). Herfield reported that less than half of her attorney's fees were attributable to two members of the bar of the district court, Evan Zagoria and Sarah Bohr, who worked on Herfield's case, respectively, 4.7 and 8.2 hours in 2016 and .65 and 16.8 hours in 2017. Herfield sought the majority of attorney's fees for research and writing by Fisher that totaled 27.1 hours in 2016 and 8.6 hours in 2017. Herfield sought equal pay for Fisher based on his seven years of work as a law clerk in the Middle District of Florida and eight years of drafting briefs and other writings "related to Social

2

Security law" while he was licensed in two states, a district court in Wisconsin, and the Court of Appeals for the Seventh Circuit. The Commissioner opposed Herfield's application and argued that Fisher should be paid the standard hourly rate of $80 applied to paralegals because he declined to seek admission *pro hac vice* to be compensated as an attorney.

The district court denied Herfield's application for attorney's fees without prejudice and with leave to refile. The district court ruled that Herfield was entitled to compensation for Fisher's work, but it refused to pay Fisher "at the same rate as an attorney as he was not admitted here." The district court ordered Herfield to "recalculate [the] fees associated with the work of Mr. Fisher on the basis of a reasonable rate for a non-attorney performing [his] work."

Herfield filed an amended application for attorney's fees that requested an hourly rate of $175 for Fisher. Herfield argued that her rate matched prevailing market rates for an attorney with Fisher's skills and experience. The Commissioner responded that Fisher should be paid as a paralegal because he had attempted to circumvent the local rules that required attorneys to be members of the bar or seek admission *pro hac vice* to practice before the district court. *See* S.D. Fla. S.R. 4(a).

The district court adopted a magistrate judge's recommendation to reduce Fisher's hourly rate from $175 to $125. The district court found that it would be unjust to allow "non-admitted attorneys . . . [to] enjoy the benefits and privileges of

practicing before [its] Court" without complying with its local rules. *See* S.D. Fla. S.R. 4(a). The district court stated that Fisher "should have sought *pro hac vice* admission" due to the importance of briefs in Social Security litigation and his predominant role in the case and that "[h]is failure to do so justifie[d] a reduction in his hourly rate."

We review an award of attorney's fees for abuse of discretion. *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009). Under that standard, we affirm unless "the court fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010). Because the abuse of discretion standard implies a range of choices, ordinarily we affirm even if we would have decided the case differently. *Id.*

The Equal Access to Justice Act provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action" against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prevailing party is entitled to "reasonable attorney fees . . . based upon prevailing market rates for the kind and quality of the services furnished except that . . . attorney fees shall not be awarded

4

in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* § 2412(d)(2)(A). The term "attorney fees" includes fees for work by "paralegals . . . and others whose labor contributes to the work product for which an attorney bills her client." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (internal quotation marks omitted). A reasonable fee is one sufficient to attract competent counsel to take the case but prevents a windfall for an attorney. *Perdue v. Kenney A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

A district court "may adopt and amend rules governing its practice" so long as those rules are "consistent with . . . federal statutes and rules." Fed. R. Civ. P. 83(a)(1). The special rules for the Southern District of Florida allow only members of its bar to appear as attorneys in court unless an attorney obtains permission to appear *pro hac vice*. S.D. Fla. S.R. 4(a). To obtain permission to appear *pro hac vice* in a particular case, an attorney must submit "a *pro hac vice* motion filed and served by co-counsel admitted to practice in" the district. *Id.* We accord "great deference to a district court's interpretation of its local rules." *Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 727 (11th Cir. 1992).

The district court did not abuse its discretion by classifying Fisher as a non-attorney based on his lack of licensure. Under the local rules of the district court, Fisher's failure to request admission to participate *pro hac vice* prevented him

5

from appearing and participating in Herfield's case as an attorney. *See* S.D. Fla.

S.R. 4(a). So his status in the district court was different from Herfield's counsel of

record, all of whom were members of the bar of the district court. Because Fisher

could not submit his work directly to the district court and was limited to

"contribut[ing] to the work product" of Herfield's attorneys, *see Richlin*, 553 U.S.

at 581, the district court committed no abuse of discretion by treating Fisher as a

non-attorney to determine his hourly rate of compensation.

The district court also did not abuse its discretion by awarding Fisher an

hourly rate of $125. The Equal Justice Act provides that the starting point to

determine a reasonable hourly rate must be "the prevailing market rates for the

kind and quality of the services provided." 28 U.S.C. § 2412(d)(2)(A). Consistent

with the statute, the district court determined that Fisher merited more than the

hourly rate of $80 ordinarily paid to paralegals based on his out-of-state licensure,

his level of skill, and the extent of his work on Herfield's case. But the rate paid to

Fisher was subject to a statutory ceiling of "$125 per hour" unless "an increase in

the cost of living or a special factor . . . justifie[d] a higher fee." *Id.* Fisher's

experience and the quality of his services did not merit an upward adjustment

because "the work and ability of counsel" is not a special factor that justifies a

higher hourly rate. *See Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The

district court also was not required to credit the affidavits and declarations that

Herfield offered to justify an increased fee because that evidence failed to address what hourly rate other non-attorneys in the area had earned for performing the same tasks as Fisher. And the district court reasonably relied on an earlier social security case identified by Herfield in which it awarded an hourly rate of $125 to attorneys who failed to seek admission to practice *pro hac vice*. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000) (acknowledging "there is some inferential evidentiary value to [a] prior award" of attorney's fees). The district court did not abuse its discretion.

We **AFFIRM** the award of attorney's fees to Herfield.

7